IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 27 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| ANTONIO JOSE GARCIA VADO, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | FILE NO. 11-CV-4509 |
| : | |
| ATLANTIC LIMOUSINES, INC., : | |
| SOHRAB OSKOUEI & HOSSEIN : | |
| OSKOUEI, : | |
| : | AT |
| Defendants. : | |

## COMPLAINT

### I. NATURE OF CLAIM

1.

Plaintiff Antonio Jose Garcia Vado ("Plaintiff"), for himself and on behalf of others similarly situated who consent to representation, assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for unpaid overtime compensation, failure to be paid a minimum wage for all hours worked, liquidated damages, reasonable expenses of litigation and attorney's fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

3.

This Court has venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

4.

Defendants Atlantic Limousines, Inc., Sohrab Oskouei and Hossein Oskouei are subject to the jurisdiction of this Court.

### III. PARTIES

5.

Plaintiff is a former limousine driver of Defendants. The individuals contemplated to join this action are current or former drivers.

6.

Plaintiff brings this action as a collective action for himself and on behalf of all other similarly situated current and former limousine drivers of Defendants who consent to representation who have been denied overtime compensation and payment of at least a minimum wage for all hours worked, pursuant to 29 U.S.C. § 216(b). Plaintiff has consented to participate in this action and to represent the interests of the putative class. This consent is attached hereto as Exhibit 1. The consents of other similarly situated individuals to participate in this suit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

7.

Defendant Atlantic Limousines, Inc. is a corporation doing business within this judicial district, and is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.

Defendants Sohrab Oskouei and Hossein Oskouei are principals of Defendant Atlantic Limousines, Inc. and have control of the company's day to day operations and therefore are employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

9.

Plaintiff was a limousine driver of Defendants who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

10.

At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §§ 201-216 in that Plaintiff, and all those similarly situated, performed services for Defendants for which no provision was made to properly pay for those hours in which overtime and unpaid wages were required to be paid.

## IV. FACTUAL ALLEGATIONS

9.

Defendant Atlantic Limousines, Inc. provides transportation services to its clients in the State of Georgia and other neighboring states. According to its website, Defendant Atlantic Limousines, Inc. also has affiliate entities through which it can provide transportation services throughout the country.

10.

Plaintiff, and the members of the class he seeks to represent, was a driver engaged in interstate commerce on behalf of Defendants.

11.

Defendants have been and continue to intentionally mis-classify its drivers as independent contractors when it knew that the drivers are employees who are not allowed to work for other other companies; could make no profit or loss decision, and are required to follow Defendants' policies with respect to where and how they had to perform their services.

12.

Throughout the duration of Plaintiff's time working for Defendants, the Defendants did not pay overtime compensation to its drivers for work performed in excess of forty (40) hours in a workweek.

13.

Throughout the duration of Plaintiff's time working for Defendants, the primary duties of drivers conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

14.

Throughout the duration of Plaintiff's time working for Defendant, all assignments were determined solely by Defendants, and Plaintiff and those similarly situated had to comply in all respects with the schedule dictated by Defendants.

15.

Plaintiff, and those similarly situated, were paid a percentage of the charge to the customer for the ride in the vehicle, and were not paid overtime even though they regularly worked overtime hours. Defendants knew Plaintiff and those similarly situated were working overtime and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

16.

Throughout the duration of Plaintiff's time working for the Defendants, Plaintiff and those similarly situated worked hours for which they received no payment. Defendants knew Plaintiff and those similarly situated were working hours for which they received no payment and that federal law requires employees to be paid at least a minimum wage for all hours worked.

17.

Plaintiff and those similarly situated did not receive hourly compensation, or any compensation, for waiting time, on-call time, portal to portal time or other travel time or working time incurred in the performance of work assignments or time incurred in maintaining the vehicles pursuant to Defendants' standards.

18.

Plaintiff and those similarly situated were completely dependent upon the Defendants for their assignments of work; the drivers could make no independent business decisions.

19.

Defendants did not keep records concerning the number of hours actually worked by Plaintiff and all others similarly situated. The Defendants do have records of the compensation actually paid to Plaintiff, and those records are in the possession and custody and control of Defendants.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION AND MINIMUM WAGE

20.

Plaintiff re-incorporates and re-alleges the information contained in Paragraphs 1-19 above.

21.

Plaintiff, and all those similarly situated, are entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek, and for waiting time and on-call time.

22.

Plaintiff, and all those similarly situated, are entitled to be paid a minimum wage for all hours worked for Defendants.

23.

In the course of employment, Plaintiff, and all those similarly situated, worked the number of hours required of them and regularly worked in excess of forty (40) hours per week but were not paid time and one-half for those hours.

24.

In the course of employment, Plaintiff, and all those similarly situated, worked the number of hours and shifts required of them and did not receive payment for all hours worked, and as a result, have suffered damages in an amount to be proven at trial.

## COUNT II – LIQUIDATED DAMAGES

25.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-24 above.

26.

The Defendants' actions with respect to their failure to pay Plaintiff, and those similarly situated, both a minimum wage for all hours worked and time and one half for all hours worked above forty in a work-week, were willful and deliberate.

27.

There is no evidence that the Defendants actions in failing to pay Plaintiff, and those similarly situated, either a minimum wage or proper overtime compensation was done in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

28.

The Defendants' actions and lack of good faith in failing to comply with the FLSA, give rise to a claim for unpaid compensation for three (3) years prior to the filing of this Complaint, and liquidated damages in an amount equal to the unpaid compensation.

## **PRAYER**

WHEREFORE, Plaintiff respectfully prays that this Court do the following:

1. Certify the FLSA claim as a collective action under 29 U.S.C. § 216 and direct notice to all eligible class members, including individual notice to all members who can be identified by reasonable effort on the part of Defendants;

2. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff and those similarly situated;

3. Require Defendant to pay Plaintiff, and those similarly situated, damages for lost overtime compensation calculated at time and one half for all hours worked above forty (40) in a work-week;

4. Require Defendant to pay Plaintiff, and those similarly situated, damages for all hours worked and for which Defendant failed to pay a minimum wage;

5. Require Defendant to pay Plaintiff, and those similarly situated, liquidated damages as provided for under the FLSA and their reasonable attorney's fees;

6. Permit a trial by jury on all issues so triable; and

7. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS FOR WHICH HE HAS A RIGHT TO A JURY.**

Respectfully submitted this 27th day of December, 2011.

                        MBW LAW, LLC

                        /s/ Michael B. Weinstein
                        Michael B. Weinstein
                        Georgia Bar No. 746386
                        4640 Valais Court – Suite 203
                        Alpharetta, Georgia 30022
                        (678) 387-3396 (O)
                        (678) 990-1732 (F)

                        *Attorney for Plaintiff*

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ANTONIO JOSE GARCIA VADO, : | |
| : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION |
| v. : | |
| : | FILE NO. _____ |
| ATLANTIC LIMOUSINES, INC., : | |
| SOHRAB OSKOUEI & HOSSEIN : | |
| OSKOUEI, : | |
| : | |
| **Defendants.** : | |

## CONSENT TO JOIN COLLECTIVE ACTION

1.

I certify that I am a current or former employee of Atlantic Cable Limousines, Inc. that was not paid overtime for hours worked above forty (40) in a workweek and who was not paid for all hours worked.

2.

I hereby consent to be a plaintiff in this Fair Labor Standards Act ("FLSA") case. I consent to the bringing of any claims I may have under the FLSA for unpaid overtime, failure to be paid minimum wage for all hours worked, liquidated damages, attorney's fees, costs, and other relief against Defendants during the period I worked as an employee of the defendants in the above-captioned lawsuit.

3.

I understand this lawsuit is being brought as a collective action pursuant to the FLSA. I agree to be bound by any adjudication of this Court. I further agree to be bound by any

1

collective action settlement herein approved by my attorneys and by this Court as fair, adequate and reasonable.

Dated this 20th day of December, 2011.

*[signature]*

Antonio Jose Garcia Vado

Name:       Antonio Jose Garcia Vado

Address:    15965 Freemanville Road
            Milton, GA 30004

Phone:      (770) 820-9906

2